## PARK, GRANT & MORRIS v. SHANNON & MOTT COMPANY AND ANOTHER.[1]

April 12, 1918.

No. 20,797.

**Attorney and client — admission of service by attorney unauthorized — dismissal of action.**

1. A finding that an attorney who admitted service of the complaint as "attorney for defendants" had no authority to appear in the action for one of the defendants is sustained by the evidence, and the case as to that defendant was properly dismissed for want of jurisdiction.

**Bankruptcy — trustee not liable for claim against bankrupt.**

2. Defendant trustee in bankruptcy was not liable in this action, the cause of action being on a claim against the bankrupt. This is true even though the trustee promised to pay the claim.

Action in the district court for Clay county to recover $454.02. The facts are stated in the opinion. The answer alleged that defendant trustee in bankruptcy had possession and control of the assets and property of Shannon & Mott Company and that the time of filing claims had not yet expired. The case was tried before Roeser, J., who made findings and ordered judgment in favor of defendant. From an order denying its motion to amend the findings or for a new trial, plaintiff appealed. Affirmed.

*Christian G. Dosland* and *Lawrence & Murphy,* for appellant.

*William Russell* and *Clark, Byers & Hutchison,* for respondent trustee.

[1]Reported in 167 N. W. 285.

BUNN, J.

Plaintiff, a corporation of the state of North Dakota engaged in business in the city of Fargo, seeks to recover on two causes of action, both of which arose out of dealings with Shannon & Mott Company, a corporation of the state of Iowa, doing business at Des Moines in that state. Briefly stated, the first cause of action is to recover an overpayment by plaintiff to Shannon & Mott Company on a car of flour sold by said defendant to plaintiff in September, 1913. The second cause of action is to recover the purchase price of some of the flour that was spoiled and unfit for sale, under an agreement by said defendant to allow plaintiff credit for such flour. It may be conceded that Shannon & Mott Company owed plaintiff the amounts claimed on these two causes of action. Defendant McFarlin, trustee, comes into the case in this way: Shannon & Mott Company, in the year 1911, transferred all its assets, including good will and the right to use its name, to B. A. Lockwood Grain Company, also an Iowa corporation, the latter assuming and agreeing to pay all the indebtedness of Shannon & Mott Company, which company was to continue to manage the business theretofore conducted by it, as agents of the Lockwood Company. It does not appear that plaintiff had any notice of this situation at the time of the dealings before mentioned. August 24, 1914, a petition in voluntary bankruptcy was filed against the Lockwood Company. Defendant McFarlin was appointed receiver, and on October 2, 1914, trustee of the Lockwood Company. It does not appear that Shannon & Mott Company went into bankruptcy, but apparently all its assets were considered as belonging to the bankrupt, and to pass to the trustee. McFarlin as trustee continued to carry on the business of selling flour and seems to have called himself trustee of Shannon & Mott Company, as he is designated in the complaint.

Plaintiff ordered a car of flour in August, 1914, and it arrived in Fargo in November, 1914, accompanied by a draft with bill of lading attached. Plaintiff claimed that its claims for overpayment, and for spoiled goods on the 1913 shipment, should be deducted from the price of this car; they had not been, and plaintiff refused to pay the draft. It then brought this action, attempting to secure jurisdiction of the defendants, both of whom were nonresidents, by an attachment on the car of flour. No effort was made to publish the summons or serve it personally out

of the state. William Russell, an attorney of Moorhead, procured the release of the attachment by giving a bond. He signed an admission of service of a copy of the complaint as "attorney for defendants." He answered for defendant McFarlin, trustee, but defendant Shannon & Mott Company did not answer or appear in the case, unless it was bound by Russell's admission of service.

On the trial the court permitted evidence to show that Russell had no authority to appear for Shannon & Mott Company, and that he did not intend to do so. In its decision it found as a fact that Russell had no authority to appear for anyone but the trustee. For the reason that plaintiff had not obtained service on Shannon & Mott Company, the case as to that defendant was dismissed. As to the case against M. McFarlin, as trustee in bankruptcy, the conclusion was that plaintiff could not recover. Plaintiff moved for amended findings and conclusions, or for a new trial. The motion was denied and this appeal taken from the order.

We hold that the finding that Russell had no authority to appear for Shannon & Mott Company is sustained by the evidence. The question was not so much whether Russell intended to appear for that defendant, as whether he had authority to appear for it, and there was clearly no error in receiving Russell's testimony showing that he was only authorized to appear for the trustee. There was therefore no jurisdiction over Shannon & Mott Company, and all inquiry as to the merits of plaintiff's case against that company is superfluous, as the dismissal for want of service must be sustained.

As to the case against McFarlin, trustee, both causes of action arose before the bankruptcy proceedings were begun. It does not seem material to decide whether the transfer in 1911 by Shannon & Mott Company to B. A. Lockwood Company was void as to creditors of the former company. If the trustee in bankruptcy of the Lockwood Company was right in holding the assets of Shannon & Mott Company as assets of the bankrupt estate, then plaintiff had a claim against the bankrupt, and not against the trustee. If the transfer be considered void, the only bearing of that would be on the question whether plaintiff has a good cause of action against Shannon & Mott Company, a question not involved.

The car of flour that was attached was ordered by plaintiff in August, 1914, of Shannon & Mott Company. The order was acknowledged by Shannon & Mott Company. But, in correspondence before the flour was shipped, plaintiff was informed that McFarlin was handling the business of that company as trustee, under orders of the court, and the car was shipped under the name "M. McFarlin, trustee of Shannon & Mott Company." Plaintiff claims that in the correspondence the trustee acknowledged that its claims were just, and agreed to allow them by deductions from the price of the car to be shipped. The trial court found that these allowances were made by persons other than the receiver or trustee, and that they had no authority to bind the latter. This finding is sustained, but, even if the trustee himself had agreed to allow the claims and pay them, we are unable to see how such an agreement could be enforced in court. It would clearly be giving plaintiff a preference over the bankrupt's other creditors. It is not claimed that McFarlin had any authority to agree to pay the claims, except such authority as came from his appointment as receiver or trustee of the bankrupt.

Our conclusion is in harmony with that reached by the learned trial court. We have carefully considered the able argument of counsel for plaintiff, but are unable to find any ground for reversal.

Affirmed.